UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BILLY JESS BARNARD,

        Petitioner,        3:15-CV-00389-SU

        v.        FINDINGS AND RECOMMENDATION

MARION FEATHER,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner, a pre-trial detainee in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Federal Detention Center in Sheridan, Oregon (FDC Oregon), filed a petition under 28 U.S.C. 2241, challenging the imposition of a disciplinary sanction. Specifically, petitioner challenges the loss of 14 days of Good Conduct Time, imposed by a Disciplinary Hearing Officer (DHO) after he

1 - FINDINGS AND RECOMMENDATION

was found in violation of Code 297 - "telephone abuse." Petitioner alleges that he was denied due process, that there was no evidence that he circumvented telephone monitoring (Code 297), and that he should be sanctioned for a lesser offense. Petition (#1) p. 4. Petitioner further alleges an Equal Protection violation claiming that other inmates, who were disciplined for the same offense conduct, were only sanctioned for the lesser (Code 397) offense. *Id.*

Respondent contends that the petition should be denied because petitioner was provided due process, the DHO's finding was supported by some evidence, petitioner failed to exhaust administrative remedies, and because petitioner has not demonstrated an Equal Protection violation. Response (#6), p. 2.

The relevant facts set forth in respondent's Response (#6) and the Declaration of A. Griffin (#7), are undisputed[1]. In a nutshell, petitioner used another inmate's Phone Access Code which is not permitted to make a telephone call and was initially charged with violating Code 397 which prohibits the use of the telephone for abuses "other than illegal activity which do not circumvent the ability of staff to monitor" telephone use. The charge was later modified to a violation

---

[1]Petitioner has not filed a reply to respondent's Response or a brief in support of his petition.

2 - FINDINGS AND RECOMMENDATION

of Code 297 which prohibits telephone use "for abuses other than illegal activity *which circumvent* the ability of staff to monitor" telephone use.

On November 7, 2014, the DHO held a hearing at which petitioner admitted: "I didn't know it was wrong. I had only been here 3 days." The DHO considered the written report of the incident, as well as petitioner's admissions, and found petitioner had violated Code 297. As a sanction, the DHO disallowed 14 days of Good Conduct Time, imposed 30 days phone restriction (suspended pending 180 days clear conduct), and imposed 30 days loss of email privilege (also suspended pending 180 days clear conduct).

The Declaration of A. Griffin (#7) establishes that petitioner never filed any administrative remedy regarding the challenged incident report. Griffin Declaration (#7). Petitioner admits that he missed the deadline to file an administrative appeal and contends that he should be excused from the exhaustion requirement because it would be futile. Petitioner's argument in this regard is without merit.

Petitioner has not identified any specific procedural due process violation, and the record reflects that he was afforded the five basic procedural elements of the inmate disciplinary process set forth in Wolff v. McDonnel, 418 U.S. 539 (1974).

3 - FINDINGS AND RECOMMENDATION

In order to withstand judicial review, a DHO's decision must be supported by "some evidence." Superintendent Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455 (1985).

In this case, the DHO relied on the misconduct report that a corrections officer observed another inmate make a telephone call on petitioner's behalf. Griffin Declaration (#7) Attachment 1, p. 2. In addition, petitioner admitted that he made a call initiated by another inmate, using the other inmate's PAC. *Id*. These undisputed facts constitute "some evidence" to support the DHO's decision.

Petitioner's allegation that other "similarly situated inmates are routinely charged and sanctioned for the same type of conduct as a Moderate Severity Offense [Code 397]," is insufficient to establish an Equal Protection violation. Although petitioner submitted an incident report issued to another inmate for similar misconduct, in which the inmate was charged with a Code 397 violation, Petition (#1), Att. 1-1, p. 7, "a mere demonstration of inequality is not enough; the Constitution does not require *identical* treatment." McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1979).

In order to establish an Equal Protection violation, petitioner must demonstrate that defendants "acted with an intent or purpose to discriminate against him based upon his

4 - FINDINGS AND RECOMMENDATION

membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

Petitioner has not demonstrated that one group is being treated differently than another group, or that he personally has been treated differently based upon his membership in that group, let alone discriminatory intent. Petitioner was held responsible for his behavior consistent with BOP regulations, under the correct violation of Code 297. There is no evidence that petitioner was singled out. The fact that another inmate was found guilty of Code 397 and received a different sanction is insufficient to establish an Equal Protection violation.

Based on all of the foregoing, petitioner's Petition (#1) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual

5 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 20th day of May, 2015.

    /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge